The document below is hereby signed.

Signed: March 30, 2015



_S. Martin Teel, Jr._
_United States Bankruptcy Judge_

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

```
In re                              )
                                   )
PATRICK LLOYD NELSON,              )   Case No. 13-00361
                                   )   (Chapter 7)
          Debtor.                  )
_____    )
                                   )
NANTUCKET HOLDINGS, LTD.,          )
                                   )
          Plaintiff,               )
                                   )
     v.                            )   Adversary Proceeding No.
                                   )   13-10031
PATRICK LLOYD NELSON,              )
                                   )   Not for publication in
          Defendant.               )   West's Bankruptcy Reporter.
```

MEMORANDUM DECISION AND ORDER RE
MOTION TO ENFORCE SETTLEMENT AGREEMENT

The plaintiff, Nantucket Holdings, Ltd., has filed a motion against the defendant, Patrick Lloyd Nelson, to enforce the *Settlement Agreement* that the parties entered into on September 23, 2014, to settle this adversary proceeding.  On September 23, 2014, the date scheduled for the trial of this adversary proceeding, the parties appeared and presented the *Settlement Agreement*.  The parties agreed that Nantucket's counsel would submit an order disposing of the adversary proceeding pursuant to

the *Settlement Agreement*, and dismissing the adversary proceeding, but with the court retaining jurisdiction to enforce the *Settlement Agreement*.  No such order was submitted, and the adversary proceeding thus remains pending without an order disposing of the adversary proceeding.  The parties agree that the court has retained jurisdiction to enforce the *Settlement Agreement*.

Under the *Settlement Agreement*, Nantucket was entitled to receive title to certain property free and clear of liens by November 2, 2014, time being of the essence, and specified a remedy in favor of Nantucket if Nelson defaulted in that regard. However, Nelson disputes a lien on the property and seeks to compel Nantucket to go to a closing at which part of the proceeds would be placed in escrow pending resolution of litigation contesting the disputed lien.  That would not be a delivery of title free and clear of liens, the performance required of Nelson under the *Settlement Agreement*, and, accordingly, Nantucket's motion will be granted.

I

Among other recitals, the *Settlement Agreement* recited that "Nelson holds a fifty percent (50%) interest (the 'Nelson Interest'), as Tenants in Common with Cynthia Smith, in a certain piece of real property located at 331 Madison Street, NW, Washington, D.C.," and the *Settlement Agreement* then provided in

relevant part:

    **2.** *Purchase of Nelson Interest*. At the closing called for in paragraph 4 of this Agreement, Nantucket shall pay to Nelson the sum of One Hundred Thousand Dollars ($100,000) (the "Purchase Price") in exchange for the Nelson Interest. Nelson shall receive Ten Thousand Dollars from the Purchase Price, within 24 hrs of full execution of this Agreement. The remaining Ninety Thousand Dollars ($90,000) shall be paid to Nelson upon full completion of the terms called for in paragraphs 2, 3 and 4. The Nelson Interest and the Property shall be conveyed by Nelson to Nantucket free and clear of all liens, taxes and encumbrances via special warranty deed.

    \* \* \*

    **4.** *Closing*. Within forty (40) calendar days from the full execution of this Agreement, the closing on the Nelson Interest shall take place. Nelson shall be obligated to pay any necessary transfer tax and Nantucket shall be obligated to pay the necessary recordation tax.

    **5.** **Time is of the Essence**. Time is of the essence as to all terms contained herein.

    **6.** *Default*. In the event Nelson fails to comply with any of the terms contained herein, time being of the essence, Nantucket shall be entitled to recover any sums actually paid to Nelson in accordance with this Agreement, as well as the sum of Seventy Seven Thousand Two Hundred Fifty Dollars ($77,250) as liquidated damages, as well as attorney's fees and costs incurred in enforcing this Agreement. It is expressly agreed that such damages shall be considered as accruing subsequent to the filing of the Bankruptcy.

    **7.** **Cooperation/ Further Assurances**. The Parties recognize that this Agreement requires certain future actions by either Party which may require the cooperation of the other Party. The Parties shall cooperate fully and assist in a reasonable manner in taking any and all additional actions that may be necessary or appropriate to give full force and effect to the basic terms and intent of this Agreement.

                  II

Nelson concedes that pursuant to paragraph 2 of the

Agreement, Nantucket tendered to Nelson $10,000 within 24 hours

of signing the *Settlement Agreement*.  Nelson further concedes that by November 2, 2014, (40 calendar days from the full execution of the *Settlement Agreement*), the closing on the Nelson Interest was to take place, but as of February 10, 2015, no closing had taken place.  Pursuant to paragraph 6 of the *Settlement Agreement*, in the event that Nelson failed to comply with any terms of the *Settlement Agreement*, Nantucket was entitled to a judgment of $77,250, plus any sums paid to Nelson in accordance with the *Settlement Agreement*, in this case $10,000, as well as attorney's fees and costs incurred in enforcing the *Settlement Agreement*.

Nelson opposes Nantucket's motion.  In short, Nelson disputes a lien on the Nelson Interest and seeks to proceed to a closing at which part of the remaining $90,000 of the purchase price owed him would be placed in escrow for payment of the disputed lien in the event the lien is upheld in the pending litigation in the Superior Court.  Specifically, Nelson defends by alleging:

> 6. Plaintiff's counsel notified the defendant that two liens existed on the property. The defendant's counsel then proceeded to procure a pay-off and release from the two lien holders. One lien holder agreed to settle his lien and receive the settled amount at the closing of the transaction. The second lien holder refused to settle his lien. During the discussion it was discovered the actual lien was less than $18,000.00. The validity dispute as to the amount and validity of lien arose.
> 7. The defendant requested, for the second time, the plaintiff close the transaction and place the disputed

4

>    proceeds into escrow until a resolution of the dispute could be reached. The plaintiff refused to close the transaction and pay the proceeds into escrow.
>    8. Defendant filed a civil action against Christopher Campbell identified as District of Columbia Superior Court Case No. 2015 CA 000119 R(RP). The plaintiff was identified as a "Relief Defendant" and was asked, pursuant to Rule 12-I, to consent to a motion to pay the disputed amount into the Court registry to allow the transaction to close. The plaintiff would not consent. Again, the plaintiff refused to close the transaction.
>    *   *   *
>    11. Given that a dispute has arisen as to the validity of a lien against the property, it is common practice to utilize escrow or the Court registry to facilitate the closing.
>    12. The plaintiff, for reasons unknown, has refused to close the transaction. The plaintiff is in breach of the agreement by refusing to close the transaction.

Nelson requests that the court deny Nantucket's motion and order the plaintiff "to conduct the closing and pay the disputed into escrow with payment pending a resolution of District of Columbia Superior Court Case No. 2015 CA 000119 R(RP)," presumably meaning that Nantucket should be ordered to take title subject to the disputed lien but with part of the proceeds of the sale to be held in escrow in the pending litigation to cover the disputed lien if that lien were to be upheld.

III

At this juncture, Nelson is unwilling to convey title free and clear of liens because he wishes to avoid paying off a disputed lien and would prefer to proceed to a closing at which Nantucket would take title subject to the disputed lien, but part of the purchase price would be placed in escrow in the pending

5

Superior Court action to cover the disputed lien if that lien is upheld.  That is not compliance with the *Settlement Agreement*.  Nantucket was entitled to go to a closing at which it would receive title free and clear of liens.  Nantucket had a duty to cooperate, but that duty of cooperation does not compel it to go to a closing at which Nelson would *not* convey title free and clear of liens, and would instead place part of the purchase price in escrow to cover the disputed lien.  Nantucket bargained for receipt of title to the Nelson Interest free and clear of liens by November 2, 2014, with time being of the essence.  Nelson assumed the responsibility to convey title free and clear of liens by that date.  How he was to assure that all liens were removed by November 2, 2014, was his responsibility, not Nantucket's.  Nothing in the *Settlement Agreement* compelled Nantucket to acquiesce in taking title with the property still subject to a disputed lien, and to become embroiled in the action pending in the Superior Court.

Accordingly, Nantucket Holdings, Ltd. is entitled to recover liquidated damages of $77,250 plus the $10,000 payment towards the purchase price, and reasonable attorney's fees and expenses incurred in enforcing the *Settlement Agreement*.

IV

Based on the foregoing, it is

ORDERED that this adversary proceeding is deemed resolved by

the parties' *Settlement Agreement*, with the court retaining jurisdiction to enforce the *Settlement Agreement*.  It is further

ORDERED that the *Motion to Enforce Settlement Agreement* (Dkt. No. 26) is GRANTED, with the amount of the judgment fixing the damages of Nantucket Holdings, Ltd., to be entered upon adjudication of the issue of the reasonable attorney's fees and expenses incurred in enforcing the *Settlement Agreement*.  It is further

ORDERED that:

(1) within 14 days after entry of this order, the parties shall confer regarding reaching consensus as to the appropriate amount of reasonable attorney's fees and expenses incurred in pursuing enforcement of the *Settlement Agreement*;

(2) within 28 days after entry of this order, Nantucket Holdings, Ltd., shall either file a consent order regarding the amount of reasonable attorney's fees and expenses incurred in enforcing the *Settlement Agreement* or shall file a statement of reasonable attorney's fees and expenses incurred in enforcing the *Settlement Agreement*;

(3) within 14 days after filing of the statement of attorney's fees and expenses, the defendant, Patrick Nelson, may file an objection to the reasonableness of the attorney's fees sought; and

      (4) within 7 days after the filing of any objection, Nantucket Holdings, Ltd. may file a reply.  It is further ORDERED that the March 31, 2015 hearing to address the *Motion to Enforce Settlement Agreement* is CANCELLED.

                                              [Signed and dated above.]

Copies to: All counsel of record.